[Civ. No. 2247. Fifth Dist., Jan. 27, 1975.]

MILTON MILLER, Plaintiff and Appellant, v.
BAKERSFIELD NEWS-BULLETIN, INC., et al.,
Defendants and Respondents.

## COUNSEL

Milton Miller, in pro. per, for Plaintiff and Appellant.

Noriega, Clifford, Jenkins, Stanton & Brown, J. Craig Jenkins, Bultman, Bianchi & Kelley and M. Glenn Bultman for Defendants and Respondents.

## OPINION

**THOMPSON, J.**\*—Plaintiff and appellant, who will hereafter be referred to as plaintiff, brought an action sounding in libel against defendants and respondents. A demurrer was sustained without leave to

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

amend as to the complaint and from the subsequent dismissal of the action plaintiff appeals.

We set forth the alleged libelous material which was published in defendant newspaper, Bakersfield News-Bulletin, Inc., to wit:

" '. . . never met a person
I did not like . . .'
Will Rogers

Will Rogers never met
our supervisor!

Let's Elect John Mitchell
Supervisor-5th District

Citizens of the 5th District"

At the time of publication plaintiff was an incumbent candidate for the Kern County Board of Supervisors, District No. 5. He was defeated. His complaint meets the technical requirements in pleading a cause of action for libel, alleging the publication of defamatory matter, its falsity, special damages, malice, etc.

As a reviewing court we are not bound by the construction placed by the trial court on the pleadings but must make our own independent judgment thereon, even as to matters not expressly ruled upon by the trial court.

In the performance of this obligation we have reviewed the alleged defamatory matter and find that it does not cross the first threshold interposed to the pleading of a good cause of action for libel. ██ Viewing the allegedly libelous statement as we must, as it would be understood by a reasonable reader at whom it was directed, we find that there is but one possible construction which can be placed on the publication set forth above, namely, that even a person as tolerant as the legendary Will Rogers was supposed to have been, would have found the plaintiff to be so disagreeable that he could not have liked him. It is not alleged in the complaint that plaintiff knew Will Rogers (though there is an allusion made in a colloquy with the court to the fact that he had met Mr. Rogers some 45 years ago) but we think that no reader of the alleged libel would believe that the opinion of a man such as Will Rogers, who

died almost 40 years ago, would be of any significance. The entire thrust of the alleged libel is that the plaintiff is a disagreeable person and that the voters should consider this in voting. No crime is thereby attributed to plaintiff, no attribution of lack of integrity, no loathsome disease nor even any serious character defect. It is merely an expression of the writer's opinion and could not be otherwise considered. No facts are asserted to make it appear that the opinion is based upon facts which reflect adversely upon plaintiff. It is also an expression of opinion in an area in which individuals are prone to make their own judgments. Someone who is disagreeable to one person is a "free spirit" to another. In fact, history is replete with examples of persons who have made capital of doing things which make them unloved and therefore noticed.

The alleged libel which defendant asserts does not approach the directness of the attack upon Samuel Yorty, the Mayor of Los Angeles, who was depicted in a cartoon as being a fit candidate for a straight jacket, in believing that he was fit for a particular job, a depiction which the court found, as a matter of law, nonlibelous. (*Yorty* v. *Chandler,* 13 Cal.App.3d 467 [91 Cal.Rptr. 709].)

Disregarding for the moment that plaintiff was a candidate for public office, it cannot be disputed that plaintiff was a public figure and as such subject to critical observation. The daily papers and newscasts are replete with examples of writers who are referred to as publishing dull and stupid books, actors who are witless, utterly without talent, politicians who are spineless or overbearing. The list could be prolonged endlessly. Yet none of these expressions of opinion give rise to libel or slander actions as they are fully protected by the right of free speech ordained by the First Amendment of our Constitution. If the persons about whom such utterances were made were wholly outside the domain of public interest an issue as to the invasion of privacy might arise. But, as we have seen, no such contention could be here made as plaintiff was a public figure.

We have expressed our opinion that entirely apart from plaintiff's candidacy for public office the challenged publication does not constitute a libel. Viewed in the context of plaintiff's political aspirations, plaintiff's arguments become even more untenable. Plaintiff has cited us no case and we have found none in which an opinion with respect to a characterization of a personality trait of a public official has been found libelous or slanderous. As we have noted earlier, opinions not alleging derogatory factual material remain the opinion of the writer and nothing

more. ■ As is said in *Yorty* v. *Chandler, supra,* at page 472: " . . . [I]t is settled law that mere expression of opinion or severe criticism is not libelous, even though it adversely reflects on the fitness of an individual for public office." In this case it would be, of course, impossible to prove or disprove the basic tenet of the alleged libelous material, that plaintiff was disagreeable or unlovable. Empirical proof would be simply impossible and an opinion poll of no value. Like beauty, the measure of a personality trait is "in the eye of the beholder."

■ As was said in *Eva* v. *Smith,* 89 Cal.App. 324, 328 [264 P. 803]: "Having offered profert of himself for public investigation a candidate must expect some criticism of his personal fitness. No one, of course, has the right to wrongfully impute dishonesty to him, but temperament and qualifications are mere matters of opinion of which the electors are the only judges." We would note that in the case of *Eva* v. *Smith, supra,* there were innuendoes of wrongdoing, of which there are none here.

■ In view of the primacy of our holding that no libel has been shown in this case we may summarily dispose of the remaining issues raised by plaintiff.

Plaintiff asserts that the retraction published by defendant Morelli was inadequate. Since no libel occurred, no retraction need have been published and at most it is a superfluity.

Plaintiff complains of the failure of the trial court to permit him to amend. We can conceive of no possible amendment that would avail plaintiff. The primary failure to show a libelous publication obviates any discussion of any technical amendments to cure pleading defects.

Plaintiff charges the trial court with error in failing to require findings of fact and conclusions of law as demanded by plaintiff. Findings of fact and conclusions of law can only be demanded after a trial. (Code Civ. Proc., § 632.) No trial took place here, plaintiff having failed to state a cause of action.

The judgment of dismissal is affirmed.

Brown (G. A.), P. J., and Franson, J., concurred.