The **LOUIS FINK REALTY TRUST**, by and through its Co–Trustee, Plaintiff–Appellant,

v.

**ESTATE OF LOUIS FINK; Marjorie Fink, an individual; Louis Fink Revocable Living Trust; Marjorie Fink Revocable Living Trust; and Does 1 through 100, inclusive, Defendants–Appellees.**

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

**Marjorie Fink, as Personal Representative of the Estate of Louis Fink, Counterclaimant–Appellee,**

v.

**The Louis Fink Realty Trust, by and through its Co–Trustee, Steven Sanford, Counterdefendant–Appellant.**

No. 00–56922.
D.C. No. CV–00–01044–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 14, 2002.

Before BEEZER, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff, the Louis Fink Realty Trust, appeals the district court's grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c). We affirm.

Consideration of the Trust Agreement did not require the district court to convert Defendant's motion into a motion for summary judgment. Plaintiff alleged the contents of the Trust Agreement in the complaint. The parties do not contest the Trust Agreement's validity or authenticity. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994) (holding that consideration of documents whose authenticity is uncontested and whose contents are alleged in complaint does not convert motion to dismiss into motion for summary judgment).

Plaintiff's claims are time-barred under Florida law.[1] Fla. Stat. § 733.710. In *May*

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The district court applied Florida law to all claims except the third-party beneficiary claim. The court applied California law to

*v. Illinois National Insurance Co.,* 771 So.2d 1143, 1155 (Fla.2000), the Florida Supreme Court concluded that the applicable probate statute cannot be tolled by fraud. Two years from the date of death is the outside time limit to sue an estate. *Id.* at 1157. Plaintiff sued outside that time limit. None of the statutory exceptions applies.[2]

The third-party beneficiary claim is barred by California's "one form of action" rule. Cal.Civ.Proc.Code § 726. Assuming that Plaintiff is a third-party beneficiary of the Chase loan agreement, it can claim rights no greater than those of Chase. *Marina Tenants Ass'n v. Deauville Marina Dev. Co.,* 181 Cal.App.3d 122, 226 Cal. Rptr. 321, 327 (1986). Chase's remedy would be limited to a foreclosure action. *Id.* Plaintiff's remedy is similarly constrained. Even assuming that the parties agreed *not* to foreclose, such an agreement is void. Cal. Civ.Code § 2953.

The district court did not abuse its discretion by denying Plaintiff leave to amend. *See Roth v. Garcia Marquez,* 942 F.2d 617, 628–29 (9th Cir.1991) (holding that leave to amend is not necessary when any amendment would be futile).

AFFIRMED.

---

that claim. The parties do not contest the court's choice-of-law decisions.

2. Originally there were claims against both the estate and the executrix. The district court held that it lacked jurisdiction over the executrix, and that ruling has not been appealed. Consequently, only claims against the assets of the estate remain, to which the two-year statute of repose applies.