Filed 10/21/21  Abhari v. Park CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ZIA ABHARI, | B303806 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV13986) |
| v. | |
| HEESOK PARK et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Affirmed.

Christopher Weston; and Zia Abhari, in pro. per., for Plaintiff and Appellant.

Park & Lim, Jessie Y. Kim and Dennis McPhillips for Defendants and Respondents Heesok Park, S. Young Lim and Dennis McPhillips.

———————————

Zia Abhari, representing himself as he did in the trial court,[1] appeals from the order of dismissal entered after the court sustained without leave to amend the demurrer of Heesok Park, S. Young Lim and Dennis McPhillips to Abhari's first amended complaint for breach of implied contract, breach of fiduciary duty and fraud. Abhari contends the court erroneously concluded each of his claims was barred as a matter of law by the applicable statute of limitations. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The 2015 Lawsuit*

In 2015 the law firm Park & Lim, including attorneys Heesok Park and S. Young Lim, represented Shaoxing June Import & Export Co. Ltd. in litigation. Abhari alleges "that legal dispute included the business interests of Abhari . . . , which were aligned with the interests of [Shaoxing June]." Accordingly, Abhari paid the retainer fee to retain Park & Lim as counsel for Shaoxing June. Abhari also made his sales agents and business records available to the attorneys to support their litigation efforts.

2. *The 2017 Lawsuit*

In December 2017 Abhari sued four of his former sales agents, Paul Sun Yoon, Junrim Yoon, Amy Yoon and Samuel Yoon (collectively the Yoon parties). The Yoon parties retained Park & Lim, including Park, Lim and McPhillips (collectively Park & Lim), to represent them in the litigation against Abhari.

---

[1] Abhari initially retained counsel for this appeal, but counsel withdrew prior to the filing of Abhari's reply brief.

On March 7, 2018 a Park & Lim attorney filed and served a declaration stating he had sent a letter to Abhari's counsel to meet and confer regarding a demurrer and had not received a response.[2] On April 5, 2018 Park & Lim filed and served a demurrer on behalf of the Yoon defendants.

3. *The Instant Lawsuit*

On April 23, 2019 Abhari filed a complaint against Park & Lim alleging breach of contract, breach of fiduciary duty and fraud.[3] The complaint alleged Abhari had been a client of Park & Lim in connection with the 2015 lawsuit such that the attorneys owed him duties of loyalty and confidentiality that they violated by representing the Yoon parties in the 2017 lawsuit. In addition, the fraud cause of action, labeled "fraud/deceit by non-disclosure of information," alleged Park & Lim had failed to disclose and failed to seek Abhari's informed consent to the adverse representation. Park & Lim demurred to the complaint, arguing the statute of limitations barred all claims. The trial court agreed the causes of action were barred by the one-year statute of limitations applicable to legal malpractice actions and further found Abhari failed to allege fraud with sufficient

---

[2] In conjunction with its demurrer in this action Park & Lim filed an unopposed request for judicial notice of certain documents filed in the 2017 litigation between Abhari and the Yoon parties. It does not appear the trial court ruled on the request. We take judicial notice of those documents. (See Evid. Code, § 452, subd. (d) [court may take judicial notice of court records].)

[3] The complaint also named the Yoon parties as defendants. They are not parties to this appeal.

particularity.  The court sustained the demurrer with leave to amend.

Abhari filed the first amended complaint on July 30, 2019. The pleading contained the same causes of action and substantially similar allegations as the initial complaint but also included the allegation Abhari did not learn until November 2018 that Park & Lim were representing the Yoon parties in the 2017 litigation.[4]  Abhari also re-titled the fraud cause of action as "actual fraud" and amended it to state Park & Lim had falsely promised him duties of loyalty and confidentiality without any intention of honoring those promises.

Park & Lim again demurred, arguing Abhari had constructive notice of their representation of the Yoon parties in March 2018 when the declaration regarding the demurrer was filed and served on Abhari's counsel.  Accordingly, the one-year limitations period for legal malpractice actions had elapsed prior to the filing of Abhari's complaint.  Park & Lim also argued, to the extent a longer limitations period applied to the fraud cause of action, Abhari had failed to allege fraud with sufficient particularity.  In opposition to the demurrer Abhari did not dispute that his counsel was aware in March 2018 that Park & Lim was representing the Yoon parties, nor did Abhari contest the conclusion that his attorney's knowledge could be imputed to

---

[4]      It appears Abhari's counsel in the 2017 lawsuit passed away in July 2018.  In November 2018 McPhillips sent Abhari an email stating that, in light of the attorney's death, McPhillips had been instructed by the court to inform him of an upcoming case management conference.  Abhari contends he did not know of Park & Lim's representation of the Yoon parties until McPhillips's email.

him.  Instead, Abhari argued the applicable statute of limitations postponed accrual of his cause of action until he suffered actual injury, which did not occur until November 2018 when he personally learned of Park & Lim's representation of the Yoon parties, requested they withdraw as counsel and they refused. Abhari also argued he had pleaded fraud with sufficient particularity.

After hearing argument from counsel, the trial court sustained the demurrer without leave to amend.[5]  In its written ruling the court stated Abhari had failed to cure the defects previously identified in the complaint.  The court found the one-year limitations period applied to all three causes of action and the statute had begun to run, at the latest, by April 10, 2018 (five days after the demurrer was filed in the 2017 lawsuit).  In rejecting Abhari's argument he did not suffer actual injury until personally learning of Park & Lim's representation, the court stated, "If that reasoning could support delayed discovery, then one could avoid triggering of the [statute of limitations] for years merely by waiting to make a demand for withdrawal of representation.  In fact, [Abhari] was damaged when the allegedly adverse representation began, and the [statute of

---

[5] There was no court reporter present for the hearing on the demurrer.  In his notice of appeal Abhari stated he intended to use a settled statement as the record of the oral proceedings in the trial court pursuant to California Rules of Court, rule 8.137(b).  Ultimately, the parties could not agree on a settled statement, and the trial court declined to certify a statement. Regardless, a settled statement is not necessary where, as here, our review is de novo.  (See *Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 80.)

5

limitations] was triggered when [Abhari] was first put on notice of that representation."

## DISCUSSION

1. *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) However, we are not required to accept the truth of the legal conclusions pleaded in the complaint. (*Mathews*, at p. 768; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) We liberally construe the pleading with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726; see *Schifando*, at p. 1081 [complaint must be read in context and given a reasonable interpretation].)

A demurrer based on an affirmative defense will be sustained only where the face of the complaint and matters judicially noticed clearly disclose the defense or bar to recovery. (See *Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 224; see also *Stella v. Asset Management Consultants, Inc.* (2017) 8 Cal.App.5th 181, 191; *Marina Tenants*

*Assn. v. Deauville Marina Development Co.* (1986) 181 Cal.App.3d 122, 130-132.) If "'the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the "plaintiff must 'plead around' the defense, by alleging specific facts that would avoid the apparent defense. Absent such allegations, the complaint is subject to demurrer for failure to state a cause of action."'" (*Esparza v. County of Los Angeles* (2014) 224 Cal.App.4th 452, 459.)

"'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his [or her] complaint."'" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971.) We determine whether the plaintiff has shown "in what manner he [or she] can amend [the] complaint and how that amendment will change the legal effect of [the] pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) "[L]eave to amend should *not* be granted where . . . amendment would be futile." (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685; see generally *Ivanoff v. Bank of America, N.A., supra*, 9 Cal.App.5th at p. 726; *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 618 [the burden of proving a reasonable possibility that the complaint's defects can be cured by amendment "'"is squarely on the plaintiff"'"].)

2. *Abhari's Causes of Action for Breach of Contract and Breach of Fiduciary Duty Are Time-barred*

The statute of limitations for legal malpractice is set forth in Code of Civil Procedure section 340.6, subdivision (a) (section 340.6(a)), which provides: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be

commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."[6] Section 340.6(a) further provides, "[T]he time for commencement of legal action shall not exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury. . . ."

"Actual injury occurs when the client suffers any loss or injury legally cognizable as damages in a legal malpractice action based on the asserted errors or omissions. . . . [S]ection 340.6, subdivision (a)(1), will not toll the limitations period once the client can plead damages that could establish a cause of action for legal malpractice." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 743 (*Jordache*).) "The fact of injury or damage need not be recognized or noticed by the

---

[6] The time bar of section 340.6(a) "applies to claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1236-1237.) This generally includes claims for breach of fiduciary duty and breach of contract arising out of an attorney's provision of professional services. (See *Britton v. Girardi* (2015) 235 Cal.App.4th 721, 732-733 [section 340.6(a), applies to claims for "breach of fiduciary duty arising out of the performance of an attorney's professional duties"]; *Levin v. Graham & James* (1995) 37 Cal.App.4th 798, 805 [in action alleging wrongful act or omission of attorney arising out of performance of professional services, "whether the theory of liability is based on the breach of an oral or written contract, a tort, or a breach of a fiduciary duty, the one-year statutory period applies"].)

8

plaintiff." (*Britton v. Girardi* (2015) 235 Cal.App.4th 721, 733; accord, *Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 227 ["[a]ctual injury must be noticeable, but the language of the tolling provision does not require that it be noticed"].) In assessing whether an actual injury has occurred the Supreme Court has distinguished between "an actual, existing injury that might be *remedied or reduced* in the future, and a speculative or contingent injury that might or might not *arise* in the future." (*Jordache*, at p. 754; see *Adams v. Paul* (1995) 11 Cal.4th 583, 589 (plur. opn. of Arabian, J.) ["the *fact* of damage rather than the *amount* is the relevant consideration. [Citation.] In addition, the character or quality of the injury must be manifest and palpable"]; *Foxborough,* at p. 227 ["when malpractice results in the loss of a right, remedy, or interest, or in the imposition of a liability, there has been actual injury regardless of whether future events may affect the permanency of the injury or the amount of monetary damages eventually incurred"].)

"[T]here are no short cut 'bright line' rules for determining actual injury under section 340.6. [Citations.] Instead, actual injury issues require examination of the particular facts of each case in light of the alleged wrongful act or omission." (*Jordache*, *supra,* 18 Cal.4th at p. 761, fn. 9.) "[D]etermining when actual injury occurred is predominantly a factual inquiry. [Citations.] When the material facts are undisputed, the trial court can resolve the matter as a question of law." (*Id.* at p. 751.)

The material facts here are undisputed. On April 5, 2018 Park & Lim demurred on behalf of the Yoon parties in the 2017 lawsuit and served the demurrer by mail on Abhari's attorney. In the absence of any allegation to the contrary, it is presumed the document was received by Abhari's counsel shortly after

9

April 5, 2018.  (See Evid. Code, § 641 ["[a] letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail"]; *AO Alfa-Bank v. Yakovlev* (2018) 21 Cal.App.5th 189, 212 ["proof that a letter was properly mailed 'creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed'"].)  For Abhari's malpractice claims to be timely pursuant to section 340.6(a), they would need to have been filed one year after the attorney received the demurrer, or early April 2019.[7]  Even presuming slow mail delivery, it would not be reasonable to infer an 18-day transit time (from Los Angeles to Irvine) such that the April 23, 2019 filing would have been timely.

_____

[7]     On appeal Abhari argues imputing knowledge from his attorney to him personally of Park & Lim's alleged ethical breaches is a "questionable notion" and an "unbridgeable stretch."  Even if not forfeited for failing to raise the issue in the trial court (see *Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [issues not raised in trial court cannot be raised for the first time on appeal]) and failing to cite to legal authority on appeal (see Cal. Rules of Court, rule 8.204(a)(1); *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["[w]hen legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration"]), the argument fails on the merits.  (See *Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1231 [attorney's knowledge of claim imputed to client and triggered limitations period]; see also *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 367 ["[i]ncluded among the types of information that may be imputed from agent to principal are facts used to determine the date of accrual of a statute of limitations"].)

Abhari argues that, even if knowledge was imputed to him in early April 2018, the statute of limitations was tolled because he did not suffer actual injury until November 2018 when he personally learned of Park & Lim's involvement in the 2017 lawsuit and requested they withdraw their representation of the Yoon parties. Abhari states it was not until then that he "began to suffer actual damage in the form of anger, anxiety, chagrin, frustration, humiliation, and the need for medication." The parties agree the alleged malpractice occurred at the time Park & Lim began representing the Yoon parties in an action adverse to Abhari. The dispute here arises over whether the actual injury occurred concurrently with the attorneys' wrongdoing, or not until the onset of Abhari's emotional suffering.

Abhari is correct that in some circumstances legal malpractice may not immediately result in actual injury. As discussed, "[t]he legislative scheme . . . toll[s] the limitations period if the plaintiff has not sustained any actual injury. [Citation.] As a result, a plaintiff who actually or constructively discovered the attorney's error, but who has suffered no damage to support a legal malpractice cause of action, need not file suit prematurely." (*Jordache, supra,* 18 Cal.4th at pp. 757-758; see *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th 557, 574-575 ["alleged negligence in drafting the succession and termination provisions in the partnership agreement created only a potential for harm" until six years later when events triggered dissolution provision and potential harm "ripened into actual injury"].)

On the other hand, under section 340.6(a), "discovery of damage is not a necessary component of actual injury." (*Jordache, supra*, 18 Cal.4th at p. 762.) In other words, a party

may be actually injured by his or her attorney's conduct without knowing such injury has occurred. (See *Worton v. Worton* (1991) 234 Cal.App.3d 1638, 1652 ["[p]laintiff sustained actual injury upon entry of the judgment of dissolution . . . which was before she discovered the facts constituting the wrongful omission by [counsel] alleged to constitute professional negligence"].)

Where, as here, the former attorneys' alleged wrongdoing is the representation of an adverse party without consent, the actual injury is the representation itself because presumptive in that representation is the likelihood of divulging the former client's confidential information. (See *Benasra v. Mitchell Silberberg & Knupp LLP* (2004) 123 Cal.App.4th 1179, 1187 ["a breach of duty of loyalty . . . occurs whether or not confidences are actually revealed in the adverse action"]; *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1043 ["'[t]he actual use or misuse of confidential information is not determinative; it is the possibility of the breach of confidence which controls'"]; cf. *City National Bank v. Adams* (2002) 96 Cal.App.4th 315, 327 ["if the nature of the representation is such that confidences *could have* been exchanged between the lawyer and the client, courts will conclusively presume they *were* exchanged, and disqualification will be required"].) While Abhari's alleged emotional distress may also have been a consequence of the attorneys' misconduct, actual injury for purposes of a professional negligence claim consisted of Park & Lim's alleged violations of the duties of loyalty and confidentiality owed to former clients. That injury occurred when Park & Lim accepted the representation of the Yoon parties in the 2017 lawsuit, and Abhari is deemed to have known about such representation in early April 2018. The fact

12

Abhari may not have suffered emotional distress until later does not toll the statute of limitations. (See *Shaoxing City Maolong Wuzhong Down Products, Ltd. v. Keehn & Associates, APC* (2015) 238 Cal.App.4th 1031, 1038 [plaintiffs' subjective belief they had not been injured was "irrelevant to the question of whether actual injury has been sustained"]; see also *Adams v. Paul*, *supra*, 11 Cal.4th at p. 591, fn. 5 ["[i]n some circumstances, the loss or substantial impairment of a right or remedy itself may constitute actual injury and may well precede quantifiable financial costs"].)

3. *Abhari's Cause of Action for "Actual Fraud" Is Time-barred*

Abhari's third cause of action is labelled, "Actual Fraud" and alleges, almost in its entirety, that Park & Lim promised to "provide to . . . Abhari the duty of loyalty and the duty of confidentiality as a client" which was "a false promise when it was made, as neither Defendant Park, nor Defendant Lim, nor Defendant McPhillips had any intention of honoring that promise." Abhari argues that, because this cause of action alleges "actual fraud," it is not subject to the one-year statute of limitations set forth in section 340.6(a).[8]

"[T]o determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22; accord, *Smith v. Ben Bennett, Inc.* (2005) 133 Cal.App.4th 1507, 1525.) "The nature of the cause of action and the primary right involved, not the form

---

[8]     The statute of limitations for fraud is contained in Code of Civil Procedure section 338, subdivision (d), which provides a three-year limitations period.

or label of the cause of action or the relief demanded, determine which statute of limitations applies." (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 412; accord, *Smith*, at p. 1525; *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.* (2004) 115 Cal.App.4th 1145, 1153; see *Jefferson v. J.E. French Co.* (1960) 54 Cal.2d 717, 718.)

"'Promissory fraud' is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638; accord, *Behnke v. State Farm General Ins. Co.* (2011) 196 Cal.App.4th 1443, 1453 [the elements of promissory fraud are "(1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the [promisee]"].) "As with any other form of fraud, each element of a promissory fraud claim must be alleged with particularity." (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1498; accord, *Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1060; see *Lazar*, at p. 645 ["fraud must be pled specifically; general and conclusory allegations do not suffice"].)

Abhari's conclusory allegation Park & Lim had no intention of upholding their duties of confidentiality and loyalty is insufficient to properly allege a promissory fraud claim. "Rather, 'something more than nonperformance is required to prove the

14

defendant's intent not to perform his promise.'" (*Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 30 ["for example, . . . fraudulent intent has been inferred from such circumstances as defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his continued assurances after it was clear he would not perform"]; accord, *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1183 ["the intent element of promissory fraud entails more than proof of an unkept promise or mere failure of performance"].) Otherwise, any breach of contract claim could be transformed into a fraud claim merely by alleging a pre-contract intent not to perform. In the absence of any particularized allegations concerning Park & Lim's intent in 2015 not to uphold their promise when and if they were hired by the Yoon parties at some point in the future, Abhari's claim is just that—an alternative pleading of his breach of contract and breach of fiduciary duty claims.[9] Accordingly, the one-year statute of limitations applies.

4. *The Trial Court Did Not Abuse Its Discretion in Denying Leave To Amend*

Abhari has not requested leave to amend, nor has he explained how, if given the opportunity, he could amend his complaint to cure his failure to timely present his claims. Under these circumstances it was not an abuse of discretion for the trial court to deny leave to amend. (See S*chifando v. City of*

---

[9] Even if Abhari's third cause of action was not subject to the one-year statute of limitations, the demurrer was properly sustained for failure to allege sufficient facts to support the inference Park & Lim never intended to perform their promises.

15

*Los Angeles, supra,* 31 Cal.4th at p. 1081 ["plaintiff has the burden of proving that an amendment would cure the defect"]; *Graham v. Bank of America, N.A., supra,* 226 Cal.App.4th at p. 618 [same].)

## DISPOSITION

The order of dismissal is affirmed.  Park & Lim are to recover their costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.