[Civ. No. 32218.   Second Dist., Div. Four.   Jan. 30, 1969.]

L. E. SANDERS, Plaintiff and Appellant, v. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant and Respondent.

Perry Bertram for Plaintiff and Appellant.

Robert E. Herrmann for Defendant and Respondent.

KINGSLEY, J.—This is an action by a supplier of materials to a subcontractor in which he seeks to recover the amount due for his materials from the bonding company on the bond furnished by the subcontractor to the prime contractor.

On or about April 30, 1962, Quiller Construction Company, Inc., as prime contractor, entered into a written contract with the United States whereby Quiller agreed to perform certain construction work at Vandenberg Air Force Base. Quiller entered into a subcontract with Stereovision, Inc., whereby Stereovision agreed to perform part of the work called for by the prime contract. Quiller, as the prime contractor, procured and filed the bond required by the Miller Act, for the protection of its subcontractors and their materialmen. In order to protect itself against any possible liability thereunder, Quiller required Stereovision to procure the bond in suit, which ran in favor of Quiller and, also, by its express terms, ran in favor of Stereovision's sub-subcontractors and materialmen.[1] Plaintiff herein sold materials to Stereovision which the latter used on the Quiller job.

The following facts were stipulated:

All of the merchandise, material and equipment for which plaintiff claims compensation were furnished to the subcontractor and were used upon the construction to which the bond applied, and the prices charged represented the reasonable value of each of the items.

The subcontractor who was the principal under the labor and material payment bond in question ceased work on its subcontract in February of 1963, which was more than one year before the complaint in this action was filed.

The bond contains a provision limiting the time within which a suit or action may be filed by any claimant to one year following the date upon which the principal ceased work on the subcontract.

It was also in evidence and undisputed that the first information which plaintiff had as to the existence of the bond was in August 1965. The complaint herein was filed on September 24, 1965. This was a little over two and a half years following cessation of work by Stereovision, Inc., the subcontractor. but less than three and a half years following execution of the bond itself.

It was also in evidence and undisputed that plaintiff herein

---

[1] We quote the applicable language of the bond hereafter in footnote number 2.

had in October 1964, filed an action against Electrical and Missile Facilities, Inc., and Continental Casualty Company based upon materials supplied to the subcontractor herein between January 23, 1963, and October 30, 1963; that plaintiff had also, on July 8, 1963, filed in federal court, an action against Maino Construction Co. and Hartford Accident and Indemnity Co. claiming payment for materials supplied to the same subcontractor involved herein between June 1, 1962, and July 15, 1962; and that plaintiff had also filed an action in federal court against Main Cornice, United Pacific and Continental Casualty Company.

The only issue on appeal is whether the one-year limitation contained in a subcontract labor and material payment bond issued on behalf of a subcontractor in favor of a prime contractor bars a claim by a materialman who was not a party to the contract and was not aware of its existence or contents until after the one-year period expired.

Plaintiff argues that, as a claimant under a subcontractor's bond to which he is not a party, he is not bound by the one-year period of limitation contained in that bond.

Plaintiff asserts that, although a suretyship contract may impose a reasonable period of limitation which is shorter than that provided by statute (*Rechtsteiner* v. *National Surety Co.* (1919) 44 Cal.App. 774 [187 P. 34]), such limitation is only effective between the directly contracting parties. Plaintiff relies on *Olds* v. *General Acc. Fire etc. Corp.* (1945) 67 Cal. App.2d 812 [155 P.2d 676]. In the *Olds* case plaintiff sued as representative of a decedent who had recovered a judgment for damages for injuries sustained in an automobile accident. The suit was against the insurance company which issued a liability insurance policy; the policy contained a provision that no action would lie thereon unless brought within 12 months after the right of action accrued. The appellate court held that the one-year period of limitation could not apply to plaintiff or the decedent who were not parties to the insurance contract.

The *Olds* case is clearly distinguishable from the case at bench, and does not support the plaintiff herein. The *Olds* case relied on the specific language of that policy in reaching its decision that the injured party was not barred by the contractual one-year period of limitations. The pertinent words in that contract which limited actions to a one-year period were: " 'No action . . . to recover for any loss under this policy' shall be brought against the company, . . .''

The *Olds'* court held that these words could only refer to the assured and not the injured person, in that an injured third person does not suffer a "loss under this policy," nor is the injured person's action to "recover" such loss.

In the case at bench, however, the limiting words referred to "any claimant,"[2] and "any claimant" would include plaintiff materialman as well as other third-party claimants.

■ Plaintiff also argues that bonds must be construed most strongly against the surety, and contractual stipulations limiting the right to sue to a period shorter than granted by a statute are looked on with disfavor and should be strictly construed. (*Lewis* v. *Hopper* (1956) 140 Cal.App.2d 365, 367 [295 P.2d 93].) While this general rule is correct, it should not be used to destroy the effect of the words of the contract itself. Furthermore, this general rule should not be used to destroy the effect of a more specific rule of law on the subject of third-party beneficiaries.

We believe the general rule on beneficiary contracts is applicable in the case at bench.

The general rule on third-party beneficiaries is:

"There can be no donee beneficiary or creditor beneficiary unless a contract has been formed between a promisor and promisee; and if a contract is conditional, voidable, or unenforceable at the time of its formation, . . . the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitation." (Rest., Contracts, § 140, pp. 165-166.)

---

[2]The entire pertinent clause in the case at bench reads:

"Now, THEREFORE, if Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be void; otherwise, it shall remain in full force and effect, subject, however, to the following conditions:

"(1) A claimant is defined as one having a contract for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.

". . . . . . . . . .

"(3) No suit or action shall be commenced hereunder by any claimant,
    "(a) After the expiration of one (1) year following the date on which Principal ceased work on said subcontract it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

The Restatement, section 140, in its supplement pocket part, cites *Bogart* v. *George K. Porter Co.* (1924) 193 Cal. 197 [223 P. 959, 31 A.L.R. 1045], a case in which the beneficiary under a contract was held barred by a statute of limitations four years after the contract. The beneficiary argued California Civil Code, section 1559, claiming that the only limitation on his right to sue was that the bringing of the action must be before the parties to the contract rescinded. This contention was overruled and he was bound by the same period of limitations as that which bound the promisee under the contract.

Plaintiff argues, with vigor, that it is unfair for the third-party beneficiary to be bound by conditions in a contract where he was unaware not only of those conditions but of the existence of the contract itself. Plaintiff cites us to no authority so holding and to state the contention is to answer it. ▉ When plaintiff seeks to secure benefits under a contract as to which he is a third-party beneficiary, he must take that contract as he finds it. As the rules above stated make clear, the third party cannot select the parts favorable to him and reject those unfavorable to him.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 26, 1969.