RUMSEY ELECTRIC COMPANY, a Delaware Corporation, Plaintiff,

v.

UNIVERSITY OF DELAWARE, a Corporation of the State of Delaware, et al., Defendants and Third-Party Plaintiffs,

v.

BURLINGTON ELECTRIC CORPORATION, a New Jersey Corporation, Third-Party Defendant.

No. 116.

Superior Court of Delaware, New Castle.

Feb. 26, 1975.

Louis Goldstein, Wilmington, for plaintiff.

Clement C. Wood and Joseph S. Flowers, of Allmond & Wood, Wilmington, for defendants Ogden Development Corp. and Frederic G. Krapf & Son, Inc. and Insurance Co. of North America.

David A. Anderson, of Potter, Anderson & Corroon, Wilmington, for defendant Univ. of Delaware.

OPINION

WALSH, Judge.

█ Plaintiff, Rumsey Electric Company, a Delaware corporation (Rumsey) seeks recovery of $106,421.94 for electrical equipment supplied by it in connection with the construction of a dormitory building at the University of Delaware. The defendants are Ogden Development Corporation (Ogden); Frederic G. Krapf & Sons, Inc. (Krapf) doing business as a joint venture under the name of Ogden Development-Krapf (the Joint Venture); Insurance Company of North America (INA) the surety on the labor and material payment bond executed by the Joint Venture as the general contractor and the University of Delaware (University) the owner of the dormitory building. All defendants have filed motions to dismiss, initially under Rule 12(b) of the Superior Court Civil Rules, Del.C.Ann., but, because of the record supplementation requested by the Court, they will be treated as motions for summary judgment under Rule 56.[1] Since Rumsey has conceded the merit of the University's position its motion will be granted without further discussion.

In order to appreciate the legal basis for the pending motions it is necessary to allude to the background of this litigation. As part of its construction efforts at the University, the Joint Venture engaged as the electrical subcontractor, a New Jersey corporation, Burlington Electric Corporation (Burlington). Rumsey dealt solely with Burlington in the delivery of electrical materials to the campus. These deliveries took place between June 26, 1971 and June 2, 1972. On November 16, 1972, the date when Burlington was adjudged a bankrupt in the United States District Court for the District of New Jersey, Burlington owed Rumsey approximately $450,000, covering several projects including the University of Delaware project.

Four days later, Rumsey filed a mechanics lien action in this Court (No. 4358 C.A. 1972) against Burlington, Krapf (as the general contractor) and the University as the property owner. Burlington did not appear in the mechanics lien action, apparently because of its protected status as a bankrupt, but both Krapf and the University filed motions to dismiss, raising various legal defenses. After briefs had been filed by both Krapf and the University, Rumsey did not respond. As a result, on January 3, 1973, then Judge Quillen, dismissed the action as to Krapf and the University. The defendants in the present action now assert the disposition of the mechanics lien action as *res judicata*.

The present action was filed on February 12, 1974, and contains three counts. Count I, directed against the University, has become moot in view of Rumsey's position not to dispute the entry of judgment in favor of that defendant. In Count II, Rumsey seeks recovery against the Joint Venture on the theory that the Joint Venture agreed, in its contract with the University, to ensure the payment of all contractors and suppliers. In Count III Rumsey seeks recovery directly against INA as the surety on the Joint Venture's performance bond. In essence, both Counts II and III proceed on the performance bond and thus the positions of the Joint Venture and INA are co-extensive. If recovery is available to plaintiff under the bond, both the Joint Venture and INA must respond. In addition to raising the defense of *res judicata*, the defendants claim that this action, to the extent it seeks recovery on the bond, has been filed too late. Defendants also assert that Rumsey has accepted a promissory note representing Burlington's total debt to it and its claim is limited to a proceeding on the note, not on a mere component of that debt. These contentions will be disposed of *seriatim*. For purpose of their motions Joint Venture and INA have employed a common position.

1. In view of the ultimate legal ruling in this matter the procedural posture is not significant. The result would be the same under a motion to dismiss or upon summary judgment.

## I

Defendants maintain that the dismissal of the mechanics lien action served as a final judgment upon the merits of the dispute between the parties and thus constitutes a judicial bar to the maintenance of further litigation. Defendants argue that, in addition to being an action for recovery under the Delaware Mechanics Lien Act (25 Del.C. Ch. 27), the prior proceeding also sought the imposition of a general judgment against both Krapf and the University. Rumsey counters that, while the actions bear comparability to the extent that they arose out of the same transaction and seek recovery for the same debt, neither the parties nor the causes of action are the same.

■ The parties agree that the applicability of the doctrine of *res judicata* was judicially formulated in Epstein v. Chatham Park, Inc., Del.Super., 52 Del. 56, 153 A.2d 180 (1959) where Chief Justice Wolcott announced a five pronged test:

A. The original court must have had *jurisdiction of the subject matter of the* suit and of the parties to it;

B. The parties to the original action were the same as the parties, or their privies, in the case at bar;

C. The cause of action in the original action was the same as in the case at bar, or the issues necessarily decided in the prior action were the same as those raised in the case at bar.

D. The issues in the prior action were *decided adversely to the contentions of* the plaintiff in the case at bar.

E. The decree rendered in the prior decree is a final decree.

While there is serious doubt whether a State court has jurisdiction to enter a decree involving a Federal bankrupt,[2] the feature which distinguishes the two cases and which is defeative of defendant's assertion of *res judicata* is the element of distinguishable causes of action. The mechanics lien action sought to enforce an obligation through a statutorily created cause of action. It also sought the imposition of a general or, *in personam*, judgment against Krapf and the University since it was denominated a "complaint" as well as a statement of claim for the mechanics lien. It would thus serve to support a personal judgment to the extent that the plaintiff was able to establish a claim *ex contractu*. Lance Roofing Co. v. Globe-Union, Inc., Del.Super., 54 Del. 514, 180 A.2d 746 (1962). An analysis of the mechanics lien pleadings, however, indicates that nowhere in the complaint does the plaintiff set forth the basis for an *in personam* cause of action against either the University or Krapf. Indeed, Krapf is not even mentioned in the body of the complaint as having dealt with Rumsey in any capacity. The University was joined solely as the property owner, but the contractual basis for the mechanics lien complaint is the agreement between Rumsey and Burlington. Privity between Rumsey and Krapf was not asserted while the Joint Venture is not mentioned.

■ The present action, in sum, is a claim by a third party beneficiary arising out of an undertaking by a general contractor to ensure the payment of suppliers in a construction project. While the principal beneficiary of this undertaking is the University, as the property owner protected against the assertion of such claims, the supplier is also an interested beneficiary. Even if the privity deficiency which arises *from the dissimilarity between Krapf as a* defendant in the mechanics lien action and Krapf as a partner in the Joint Venture in the present action were ignored, it is obvious that the causes of action and the issues decided, or to be decided, are dissimilar. Rumsey's recovery, if any, in the mechanics lien action against Krapf either separately, or as a part of the Joint Venture, was statutorily founded. In the

2. Sanders v. Providence Washington Insurance Company, 8th Cir., 442 F.2d 1317 (1971); Forcey v. Silberblatt, 3rd Cir., 78 F.2d 1016 (1935).

present action, however, Rumsey asserts the performance bond as the basis for its entitlement and in so doing has sued all parties to that bond: the Joint Venture, the University and INA. Obviously, no such recovery could be secured without the presence of at least two of those three entities: the Joint Venture and INA. Their absence in the mechanics lien action and their necessary presence in the present action attest to the difference between the two lawsuits.

## II

Defendants next assert that the complaint must be dismissed because Rumsey failed to file a claim under the indemnity bond within one year of the completion of the construction contract. The University has certified the completion date as July 15, 1972, and Rumsey has not disputed that certification. Rumsey maintains, however, that the University is not considered a State agency and thus the one year claim period authorized by 29 Del.C. § 6910(d)[3] does not control but rather the contractual three year statute of limitations embraced in 10 Del.C. § 8106. The bond furnished by the Joint Venture and INA provides that actions under the bond must be instituted within one year unless prohibited by law "controlling the construction hereof" in which case the period of limitation would be equal to the minimum permitted by law. Section 6910(d) which authorizes a one year limitation period in performance bonds furnished for State agency construction, permits a three year period of limitations where the bond does not restrict suits to a one year period.

The question of whether the University of Delaware is an agency of the State is a vexing one because of its mixed proprietary activities and public funding. Parker

v. University of Delaware, 31 Del.Ch. 381, 75 A.2d 225 (1950); City of Newark v. University of Delaware, Del.Ch., 304 A.2d 347 (1973). In the contractual area its status appears to have been legislatively defined. In 1964, by specific enactment, the General Assembly conferred upon the University's Board of Trustees "the entire control and management" of its affairs including "the manner of awarding contracts" (14 Del.C. § 5106). But, while the University does not contract as a State agency in the construction of its buildings, it, nonetheless, follows the general statutory scheme of protecting suppliers and subcontractors by requiring the execution of a performance bond. In doing so, however, it acts in a private capacity extending protection gratuitously to persons with whom it is not in privity. While it obviously seeks to protect its own interests, it is under no legal requirement to do so and thus may limit the terms of such protection so long as it does not alter the conditions of the bond after the potential claimant has extended credit in reliance thereon.

That a one year limitation period is not arbitrary or unreasonably short is evidenced by the legislative *imprimatur* appearing in Section 6910(d) authorizing its use in general State agency construction. A one year claim period has also been upheld as not unreasonably brief within the context of fire insurance contracts which so provide. Murray v. Lititz Mut. Ins. Co., 5 Del.Super. 447, 61 A.2d 409 (1948); Godwin v. Continental Insurance Company, D.Del., 306 F.Supp. 238 (1969). Rumsey's present claim, as distinguished from its earlier mechanics lien action, is not statutorily based, but springs from its status as an intended third party beneficiary under the bond agreement. Daniel-Morris Co. v. Glens Falls Indemnity Co., 283 App.Div. 504, 128 N.Y.S.2d 760 (1954); affd. 308

3. Every person furnishing materials or performing labor under the contract for which the successful bidder is liable may maintain an action on the bond for his own use in the name of the State in any court of competent jurisdiction for the recovery of such sum or sums as may be due such person from the successful bidder, but if the bond so provides, no suit shall be commenced after the expiration of 1 year following the date on which the successful bidder ceased work on the contract, otherwise suits may be commenced at any time within 3 years following the date the last work was done on the contract.

N.Y. 464, 126 N.E.2d 750 (1955); Blair v. Anderson, Del.Super., 314 A.2d 919 (1973). Thus its right to sue must be measured by the terms of the agreement between the principals. Farmers Bank of State of Delaware v. Howard, Del.Ch., 276 A.2d 744 (1971); 4 Corbin on Contracts, § 820, p. 278. Its failure to comply with a key provision of that agreement—that claims be filed within one year of the completion of the project—is fatal to this action. There is no intimation by Rumsey that it was in any way misled or lulled by the defendants in delaying the institution of suits. Indeed, its early, but aborted, mechanics lien action is clear evidence of its diligent assertion of its debt.

Since the Court rules that this action must fail for lack of timeliness, it is unnecessary to deal with defendants' final contention that subject matter of this action is embraced within the "total debt" promissory note given by Burlington to Rumsey.

Summary judgment is granted in favor of all defendants.

It is so ordered.