**RUMSEY ELECTRIC COMPANY, a Delaware Corporation, Plaintiff Below, Appellant and Cross-Appellee,**

v.

**UNIVERSITY OF DELAWARE, a corporation of the State of Delaware, et al., Defendants Below, Appellees and Cross-Appellants.**

Supreme Court of Delaware.

Submitted Feb. 11, 1976.

Decided May 7, 1976.

Samuel H. Lewis, Barrett & Lewis, and Louis Goldstein, Wilmington, for plaintiff below, appellant and cross-appellee.

Clement C. Wood and Joseph S. Flowers, Allmond & Wood, Wilmington, for defendants below, appellees and cross-appellants.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

Plaintiff—an electrical equipment supplier—sued to recover, as a third party beneficiary of a performance bond executed among the defendants,* the cost of materials supplied by it to a now bankrupt subcontractor for construction of a new dormitory at the University of Delaware. The opinion of the Superior Court, from

---

* Ogden Development Corporation and Frederic G. Krapf & Sons, Inc. (cooperating as a joint venture—Ogden Development-Krapf) were engaged as general contractor by the defendant owner—the University of Delaware. Together with another defendant, the Insurance Company of North America (INA), they executed a bond to assure payment for labor and materials.

By stipulation of the parties, plaintiff's appeal has been dismissed as to the University of Delaware.

which an appeal and cross-appeal were taken, appears at 334 A.2d 226. Reference is made thereto for a full recitation of the facts. We affirm.

### I.

■ A provision in the performance bond executed among the defendants barred claims brought under the bond's provisions after one year of the project's completion. Plaintiff contends that in making the performance bond, defendants relied upon an erroneous belief that the University of Delaware was a "state agency" under 29 Del.C. c. 69; that therefore, the one year claim period permitted by Statute [29 Del.C. § 6909(d)]** for such agencies is inappropriate, and the statutory three year period of limitations for contract actions [10 Del.C. § 8106] controls.

■ Plaintiff's claim is unmeritorious. The Superior Court held that in executing the performance bond, the University acted in a private capacity.*** We find no error in that conclusion. Plaintiff's rights, springing from its status as a third party beneficiary of the performance bond, are "measured by the terms of the agreement between the principals." 334 A.2d at 230. "[I]n the absence of express statutory provision to the contrary, a statute of limitations does not proscribe the imposition of a shorter limitations period by contract." *Wesselman v. Travelers Indemnity Company*, Del.Supr., 345 A.2d 423, 424 (1975). *Accord, Ottendorfer v. Aetna Insurance Company*, Del.Supr., 231 A.2d 263 (1967); *Murray v. Lititz Mutual Insurance Company*, 5 Del.Super. 447, 61 A.2d 409 (1948); *Sanders v. American Casualty Company of Reading, Pa.*, 269 Cal.App.2d 306, 74 Cal. Rptr. 634 (1969); see generally *Annot.*, 6 A.L.R.3d 1197 (1966).

■ Since there is no conflict with any statute, plaintiff's failure to sue within one year after the certified date of the project's completion defeats its claim. In essence, "[w]hen plaintiff seeks to secure benefits under a contract as to which he is a third-party beneficiary, he must take that contract as he finds it." *Sanders, supra*, 74 Cal.Rptr. at 637.

### II.

On cross-appeal, defendants argue that the doctrine of *res judicata* bars the present case because a prior dismissed mechanic's lien action settled once and for all the merits of plaintiff's claim. For the reasons stated by the Superior Court, this contention is unacceptable. See 334 A.2d at 228–29.

Affirmed.

---

** Formerly, 29 Del.C. § 6910(d).

*** See 14 Del.C. § 5106.