[No. D040282. Fourth Dist., Div. One. Nov. 25, 2003.]

MERCURY CASUALTY COMPANY, Plaintiff and Appellant, v.
SHARLA RAE MALONEY, Defendant and Respondent.

**COUNSEL**

Horvitz & Levy, Mitchell C. Tilner, John A. Taylor, J., O'Connor, Schmeltzer & Rose, Lee P. O'Connor and Kimberly I. McIntyre for Plaintiff and Appellant.

Hulbert & Bunn, Benjamin C. Bunn, R. Christian Hulbert; LaFave & Rice and John J. Rice for Defendant and Respondent.

## OPINION

**McINTYRE, J.**—In this case, an automobile passenger was injured in an accident and received payment of medical bills under the medical payment provision of an automobile liability policy covering the driver of the car in which she was riding. The issue presented is whether the passenger is obligated to reimburse the insurer, as required under the policy, for the amount of such payments from proceeds she received in settling her claims against another driver legally responsible for the accident. We conclude that the passenger, as a third party beneficiary of the insurance policy, is required to comply with the conditions set forth in the insurance policy regarding medical expense benefits and thus is obligated to reimburse the insurer.

### FACTUAL AND PROCEDURAL BACKGROUND

Sharla Rae Maloney was a passenger in a car driven by Denise Poppert when the car was rear-ended in a multiple vehicle accident. Maloney, who did not have any medical insurance, suffered injuries as a result of the accident and within a year of the incident incurred $4,411.35 in medical bills for treatment of those injuries. Poppert's insurer, Mercury Casualty Company (Mercury), paid Maloney's medical bills pursuant to an insurance policy provision obligating it to pay up to $5,000 in reasonable medical expenses incurred within a year by "any . . . person who sustains bodily injury, caused by accident, resulting in a collision, while occupying . . . the owned automobile, if being used by the named insured, by a relative or by any other person with the permission of the named insured. . . ." Because the medical payments coverage under the policy was "excess" coverage, the policy also included a provision requiring reimbursement of such medical expense payments, as follows:"If payment is made under this coverage, to or on behalf of any person, such person agrees to reimburse the company to the exten[t] of such payment from the proceeds of: [¶] (a) any settlement or judgment that may result from the exercise of any rights of recovery of such person against any party that such person claims is responsible for bodily injury to the person for which payment under medical expense coverage has been made."At the time it issued Poppert's policy, Mercury also offered "primary" medical payments coverage, which would not have required reimbursement from payments received from other sources, but Poppert did not purchase that more expensive coverage.

After receiving the medical expense benefits from Mercury, Maloney settled her claims against the driver who was responsible for the accident, receiving

$15,000, the per-person liability limit of the driver's automobile insurance policy. Thereafter, Mercury requested reimbursement from Maloney for the amounts it had paid under the medical payments provision of Poppert's policy, but Maloney declined to repay Mercury.

Mercury filed this action against Maloney, asserting claims for breach of contract and common count. In the action, Maloney asserted that she requires further medical care for her injuries and that her overall medical costs resulting from the accident "greatly exceed[]" the $15,000 she received from the other driver. The parties agreed to submit the matter to the court based on stipulated facts and filed cross-motions for summary judgment. After a hearing, the trial court granted Maloney's motion, finding that because Maloney was not a party to the insurance policy, she was not contractually obligated to reimburse Mercury. The court entered judgment in Maloney's favor and Mercury appeals.

## DISCUSSION

█ A person who is not a party to a contract may nonetheless have certain rights thereunder, and may sue to enforce those rights, where the contract is made expressly for her benefit. (Civ. Code, § 1559; *Johnson v. Holmes Tuttle Lincoln-Merc.* (1958) 160 Cal.App.2d 290, 296 [325 P.2d 193] (*Johnson*).) "Where one person for a valuable consideration engages with another to do some act for the benefit of a third person, and the agreement thus made has not been rescinded, the party for whose benefit the contract or promise was made, or who would enjoy the benefit of the act, may maintain an action against the promisor for the breach of his engagement. While the contract remains unrescinded, the relations of the parties are the same as though the promise had been made directly to the third party. Although the party for whose benefit the promise was made was not cognizant of it when made, it is, if adopted by him, deemed to have been made to him. He may sue on the promise. Where a promise is made to benefit a third party on the happening of a certain contingency, the third party may enforce the contract on the occurrence of that contingency. . . ." (*Johnson,* at pp. 296–297.)

Maloney argues that based on the absence of the elements necessary to establish a contractual relationship between her and Mercury (i.e., offer, acceptance and consideration), she has no obligation to reimburse Mercury, in accordance with the policy provisions or otherwise. █ However, a third party beneficiary's rights under the contract are not based on the existence of an actual contractual relationship between the parties but on the law's recognition *that the acts of the contracting parties created a duty and established privity between the promisor and the third party beneficiary* with respect to the obligation on which the action is founded. (*Shafer v. Berger,*

*Kahn, Shafton, Moss, Figler, Simon & Gladstone* (2003) 107 Cal.App.4th 54, 79 [131 Cal.Rptr.2d 777] [third party beneficiary's action for breach of the contractual obligation], quoting *Johnson, supra,* 160 Cal.App.2d at p. 297.) Accordingly, the third party beneficiary's rights under the contract are subject to the conditions imposed therein. (*Van Tassel v. Superior Court* (1974) 12 Cal.3d 624, 626 [116 Cal.Rptr. 505, 526 P.2d 969] [third party beneficiary is subject to contractual arbitration clause]; *Skylawn v. Superior Court* (1979) 88 Cal.App.3d 316, 319–320 [151 Cal.Rptr. 793] [third party beneficiary is subject to the statute of limitations imposed in the underlying contract]; also *Sanders v. American Casualty Co.* (1969) 269 Cal.App.2d 306, 310 [74 Cal.Rptr. 634] [similar]; Rest.2d Contracts, § 309, com. b, p. 459.)

██ The insurance company's compliance with its contractual obligation to pay medical expense benefits, without first requiring the third party beneficiary to bring an action seeking to enforce the policy provisions, does not render the beneficiary with more rights than she would have if she had filed a suit. In either case, the requirement that the third party beneficiary takes the benefits subject to the conditions and limitations set forth in the contract is consistent with settled law holding that a third party beneficiary cannot assert greater rights under the contract than those of the actual contracting party. (*Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 888 [128 Cal. Rptr. 2d 808].) Because the contract provides the foundation of the third party beneficiary's rights, she "must take that contract as [s]he finds it," rather than having the right to select the parts she finds advantageous and reject those she finds not to her liking. (*Ibid.,* quoting *Marina Tenants Assn. v. Deauville Marina Development Co.* (1986) 181 Cal.App.3d 122, 132 [226 Cal.Rptr. 321]; see also *Votaw Precision Tool Co. v. Air Canada* (1976) 60 Cal.App.3d 52, 56 [131 Cal.Rptr. 335].) In the context of an insurance policy, a contrary conclusion would create the anomalous result of providing greater benefits under the policy to the third party beneficiary, who paid nothing, than the policy provides to the insured who paid for the coverage.

Maloney relies on language in *Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445 [61 Cal.Rptr.2d 707] (*Zerin*) in arguing that the reimbursement provision in Poppert's policy was inapplicable to her because she was not a party to that contract. (See *id.* at p. 456.) Such reliance is misplaced. The issue in *Zerin* was whether an attorney whose clients had received third party "excess" medical payment benefits was obligated to hold amounts recovered from third party tortfeasors responsible for his clients' injuries for the benefit of the insurer on the theory that the policy provision created an equitable lien on the funds he received on his clients' behalf. (*Id.* at pp. 450–451.) The appellate court rejected the insurer's equitable lien argument, concluding in part that the insurer had neither detrimentally relied on promises of reimbursement from a particular fund in paying the clients'

medical expenses nor forgone pursuit of its rights against the clients based on express or implied promises of repayment. (*Id.* at pp. 455–456.)

*Zerin* does not address the issue presented in this case, nor does it contravene any of the authorities cited above, the implications of which are clear. It is undisputed that Mercury complied with its contractual obligation to pay Maloney $4,411.35 in reasonable medical expenses incurred as a result of her injuries from the accident and that Maloney subsequently recovered $15,000 from the responsible driver. Pursuant to the reimbursement clause of the insurance policy, Maloney is required to reimburse Mercury for the medical expense payments it made to her. Accordingly, we reverse the judgment in Maloney's favor.

## DISPOSITION

The judgment is reversed and the matter is remanded with directions for the trial court to enter a new judgment in favor of Mercury. Mercury is entitled to its costs of appeal.

Huffman, Acting P. J., and Nares, J., concurred.