**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIRECT TECHNOLOGIES, LLC, a
California limited liability company,

        Plaintiff - Appellant,

  v.

ELECTRONIC ARTS, INC.,
a Delaware corporation,

        Defendant - Appellee.

No. 11-56090

D.C. No. 8:10-cv-01336-AG-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 5, 2013
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

    Direct Technologies, LLC sued Electronic Arts, Inc. for a declaration of its

joint authorship of the PlumbBob USB drive and an accounting of profits owing

from its share of the copyright. DT assigned its copyright interest in the USB

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

drives to Lithomania, Inc. Alleging fraud and breach of contract, DT sued Lithomania in California state court; the parties settled. The district court decided that the state court case barred this action and granted EA's motion to dismiss. We vacate and remand for further proceedings.

DT can pursue a copyright claim against EA only if the contract between DT and Lithomania in which DT assigned its rights to Lithomania is held to be unenforceable. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). DT argues that the contract is unenforceable because it lacked consideration and because it was fraudulently induced.

DT's first argument fails. Lithomania contractually promised to purchase the manufactured USB drives from DT. A commitment to perform is sufficient consideration as long as the promisee would be justified in understanding that a commitment has been made. Restatement (Second) of Contracts §§ 2, 75. DT does not allege that it was not justified in understanding that Lithomania committed itself to purchasing the USB drives. The contract had valid consideration.

DT also argues that the contract is unenforceable because it was fraudulently induced by Lithomania. That argument might have merit. As a third-party beneficiary, EA would ordinarily be able to enforce the contract. Cal. Civ. Code § 1559. But if the contract was fraudulently induced, such that it was invalid from

2

the beginning, there would be no valid contract for EA to enforce. *See* 13 Williston on Contracts (4th ed.) § 37:55 ("'A third party's beneficiary's rights depend on the validity of the contract creating them.'" (citation omitted)); *Mercury Casualty Co. v. Maloney*, 113 Cal. App. 4th 799, 802 (Cal. Ct. App. 2003) ("[S]ettled law hold[s] that a third-party beneficiary cannot assert greater rights under the contract than those of the actual contracting party."). Because DT may be able to prove that the contract is unenforceable, this case is inappropriate for dismissal.

The district court concluded that even if DT could prove fraudulent inducement, the previous settlement between DT and Lithomania bars this case. That does not appear to us to be so. Claim preclusion to bar DT's claim against EA based on DT's release of Lithomania may not apply to bar DT's claim against EA based on DT's release of Lithomania because it has not been established that EA was in privity with Lithomania. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Issue preclusion does not apply because the previous case was not litigated to a conclusion, but instead was settled. *See In re Russell*, 76 F.3d 242, 244 (9th Cir. 1996). DT's decision to pursue and settle its claims against Lithomania does not effect a release of EA based on election of remedies because California no longer applies that doctrine. *See Perkins v. Benguet Consol. Mining Co.*, 132 P.2d 70, 93 (Cal. Ct. App. 1942);

3

*see also* 3 Witkin, Cal. Proc. (5th ed.) § 180, *Criticism of Election of Remedies Doctrine*. It has not been established beyond dispute that DT released claims it might have against EA. DT may pursue its copyright claim against EA.

EA's argument that the contract between DT and Lithomania nonetheless binds DT because DT cannot argue rescission against EA is unavailing. Rescission is not a cause of action, but a common-law remedy on the contract. *See Paularena v. Superior Court of San Diego Cnty.*, 42 Cal. Rptr. 366, 370 (Cal. Ct. App. 1965). California courts no longer "grant" rescission, but merely recognize that the underlying facts have been established and grant consistent relief. *See* Cal. Civ. Code § 1692; *Paularena*, 42 Cal. Rptr. at 370 (rescission remedy abrogated by California statutes); *see also Shapiro v. Sutherland*, 76 Cal. Rptr. 2d 101, 112 (Cal. Ct. App. 1998) (in an action against the original seller, the intermediate seller remained a necessary party "because of the nature of [the] particular transaction" whereby the intermediate seller retained the plaintiff's money, preventing the plaintiff from obtaining "complete relief" without it). DT does not seek any further relief from Lithomania. The district court may decide that the contract is

unenforceable and that DT is a joint author of the PlumbBob USB drive,[1] and award an accounting of profits without awarding any remedy on the contract.

**VACATED and REMANDED.**

---

[1]We do not reach the merits of the copyright claim because EA conceded that it is not ripe.